UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14347-Civ-MOORE
         (09-14046-Cr-MOORE)
MAGISTRATE JUDGE P. A. WHITE

JOSE GUERRA,                    :

        Movant,                 :        REPORT OF MAGISTRATE
                                         JUDGE RECOMMENDING
v.                              :        THAT MOTION BE GRANTED

UNITED STATES OF AMERICA,       :

        Respondent.             :
_____

## I. Introduction

This matter is before the Court on the movant's motion to vacate pursuant to Title 28, Section 2255, attacking his sentence for conspiracy to bring aliens to the United States and bringing aliens to the United States following his guilty plea in criminal case number 09-14046.

The Court has reviewed the motion to vacate (Civ-DE# 1), supporting memorandum (Civ-DE# 4) and affidavit (Civ-DE# 5), the Government's response (Civ-DE# 25), the Presentence Investigation Report ("PSI"), all pertinent portions of the underlying criminal file, and the evidentiary hearing testimony.

## II. Claims

Construing the *pro se* movant's arguments liberally, he appears to raise the following claims in his Section 2255 motion (renumbered):

1. Counsel was ineffective for failing to argue Guerra should have received a minor role adjustment;
2. Counsel was ineffective for failing to argue the sixty-month sentence was substantively

1

unreasonable;
3.  Counsel was ineffective for failing to adequately
    consult with Guerra about appealing and file a
    notice of appeal; and
4.  The cumulative impact of counsel's errors deprived
    Guerra a fair proceeding.

(Civ-DE# 1).


### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. Guerra was charged with: Counts (1)-(2) and (14), conspiring to bring aliens to the United States (8 U.S.C. §§ 1324(a)(1)(A)(I) and 1324(a)(1)(A)(v)(I)); and Counts (3)-(13), bringing aliens to the United States (8 U.S.C. § 1324(a)(2)(B)(ii), 18 U.S.C. § 2). (Crim-DE# 15).


Guerra had his first appearance on October 28, 2009, without counsel. (Civ-DE# 20-2 at 1). On October 30, 2009, he appeared again and entered a not guilty plea with stand-in counsel. (Civ-DE# 20-3 at 1). Guerra appeared with privately-retained counsel, Steven Amster, on December 21, 2009, to enter an open guilty plea before a Magistrate Judge. (Civ-DE# 20-4 at 1). He had reviewed all documents through an interpreter, was fully satisfied with counsel, and had not been promised or threatened to enter his plea. (Civ-DE# 20-4 at 7-8). He was pleading guilty because is guilty. (Civ-DE# 20-4 at 8). He understood the possible penalty for each offense. For the Counts (1), (2), (14), he faced up to ten years, $250k fine, thee years supervised release; for Counts (3)-(5), he faced mandatory three years up to 10 years, $250k fine, supervised release three years; and for Counts (6)-(12), he faced a mandatory minimum five years up to 15 years, $250k fine, and three years of supervised release. (Civ-DE# 20-4 at 9-11). He acknowledged the advisory guidelines would not be binding on the District Judge and that the sentence may be different from counsel's estimate. (Civ-

DE# 20-4 at 13-14). He understood that, under some circumstances, he or the Government may have the right to appeal any sentence imposed by the District Judge in the case. (Civ-DE# 20-4 at 14).

On the day of the plea hearing, Guerra signed a written factual basis to support the plea. (Crim-DE# 233); see (Civ-DE# 20-4 at 11-12). In it, he admitted he conspired with others to bring aliens from Cuba during four separate time periods. First, between June 9 and 11, 2008, surveillance units observed Guerra drive his truck to a co-defendant's home on several occasions. He transported an unknown number of occupants from the residence, then returned later to help load multiple fifteen-gallon fuel drums onto another co-defendant's Renegade power boat. Officers interviewed several suspected participants, two of whom admitted the power boat was supposed to refuel another vessel that would go to Cuba for a smuggling event. On June 19 through 22, 2008, a Grady White power boat was intercepted by Customs with evidence of human smuggling but no migrants were found onboard. The same day the boat was intercepted, agents observed Guerra and another co-defendant tow an empty tri-axle trailer to a boat ramp. The co-defendant who was with Guerra claimed he was waiting for a mechanic to return his boat. On July 3 through 6, 2008, Guerra admitted he knowingly brought and attempted to bring eleven Cuban nationals to the United States for the purpose of commercial advantage and private financial gain. On July 3, 2008, surveillance observed Guerra's truck attached to a co-defendant's empty tri-axle trailer at a marina. Three days later, the same co-defendant's Renegade power boat was intercepted with eleven Cuban nationals on board. On July 18 through December 2, 2009, Guerra admitted he again conspired to bring and attempted to bring aliens into the United States. In mid-July, he approached a cooperating co-defendant looking for boats to smuggle Cuban nationals into the United States. He explained that

he and others had just lost a load and their boat a few weeks prior, which corresponded with Customs' seizure of the Renegade with eleven Cuban nationals on board. An undercover officer posing as a boat captain was introduced to Guerra, and Guerra explained he needed a vessel to smuggle Cuban nationals into the country. Guerra and another co-defendant met with the undercover officer on another occasion and the co-defendant explained they get $10,000 per person smuggled into the United States.

The PSI calculated the base offense level at twelve because the offense involved smuggling, transporting or harboring unlawful aliens. (PSI ¶ 58). The offense level was increased by three levels because the offense involved eleven aliens. (PSI ¶ 59). Two levels were deducted for acceptance of responsibility, resulting in a total offense level of thirteen. (PSI ¶ 66-67). Guerra had zero criminal history points and a criminal history category of I. (PSI ¶ 70). The PSI noted he had pending charges in a cocaine trafficking case. (PSI ¶ 72). The total offense level of thirteen and criminal history category of I resulted in a guideline imprisonment range of twelve to eighteen months. (PSI ¶ 97). However, the statutory minimum sentence is sixty months, so the guideline imprisonment range was sixty months. (PSI ¶ 97). The guideline range for supervised release was at least two years but not more than three years. (PSI ¶ 99). The fine range was from $3,000 to $30,000. (PSI ¶ 103). Neither the Government nor defense counsel filed any objections to the PSI. (PSI Addendum).

At the sentencing hearing on March 2, 2010, defense counsel had no objections to the PSI because there was no plea agreement and a clear five-year minimum mandatory sentence. (Crim-DE# 331 at 1-2). The Court noted the guidelines called for a sixty-month sentence. (Crim-DE# 331 at 2). After considering the statements of

the parties, the PSI, the advisory guidelines and the statutory
factors, the Court imposed a sentence of five years with all counts
running concurrently, followed by two years supervised release.
(Crim-DE# 331 at 3). The court then advised Guerra of his right to
appeal:

> THE COURT: Mr. Guerra, **do you understand you have the
> right to appeal the sentence I have imposed**?
> THE DEFENDANT: **Yes, sir.**
> THE COURT: **Do you wish to appeal?**
> THE DEFENDANT: **No, sir.**

(Crim-DE# 331 at 4) (emphasis added).

Guerra did not file a notice of appeal.

He filed the instant motion to vacate on October 21, 2010. He
has supported his motion with an affidavit in which he alleges:

> That at the sentencing hearing and after the Court
> imposed its sentence, Judge Moore advised me of my right
> to file an appeal.
> That after the imposition of the sentence and the
> court advising me of my right to file an appeal, I
> expressed to the defense counsel my wish and interest to
> appeal.
> That after I expressed to my counsel my wish and
> interest to appeal, counsel just responded to me that
> appeal is a waste of time and walked away from me.
> That defense counsel either consulted with me nor
> advised me of any advantages or disadvantage of an appeal
> in this case.
> That after the imposition of the sentence, counsel
> did not make any effort to consult with me about an
> appeal, and never asked me if I really wanted to appeal.
> ...
> That if counsel would have consulted with me about
> an appeal  and how to file an appeal, I would have timely
> appealed, since I informed counsel that the sentence
> imposed was greater than necessarily for the role I
> played during the course of the offense.

(Civ-DE# 5 at 2).

The Government has provided an affidavit of trial counsel which contradicts Guerra's allegations as follows:

> The Court asked Jose Guerra if he wanted to appeal his sentence. Before allowing him to answer, at the defense table, I consulted with Jose Guerra, and reminded him that it was the lowest sentence we had hoped for and that it was a legal sentence. Jose Guerra told Judge Moore directly that he did not wish to appeal. That was the last time I saw Jose Guerra. He never communicated with me again, nor did his family.
>
> I was surprised to learn that seven months after being sentenced by Judge Moore, Jose Guerra had filed a Motion under Title 28 U.S.C. Section 2255. He never indicated to me that he had any reason or even wanted to appeal the Court's generous sentence.
>
> Jose Guerra did not tell me that he wanted me to file an appeal while sitting in the Courtroom, or anywhere else. Nor did I ever tell Jose Guerra that I would not file an appeal. There was no basis for an appeal. However, if he had told me he wanted to appeal, even though it would have been groundless, I would have filed the Notice of Appeal, in order to preserve his right to appeal. I would have also requested that the Court appoint someone else to prepare the appeal.

(Civ-DE# 20-7 at 4-5).

## IV. Evidentiary Hearing

Guerra[1] testified at a hearing on the motion to vacate that he was unhappy with his five-year sentence and told his lawyer on two occasions that he wanted to appeal and his lawyer said "no."

Guerra explained he thought the sentence was too high based on

---

[1] Guerra testified with the assistance of a Court interpreter at the evidentiary hearing.

his role in the case and because counsel had previously told him he could receive a maximum sentence of twenty-four months. However, he admitted that counsel's statement about a reduced sentence was based on the possibility of cooperation and that cooperation was no longer an option by the time of the sentencing hearing. Counsel told him prior to sentencing that the best sentence he could hope for was sixty months. Further, he admitted he was repeatedly advised at his first appearance, arraignment, and plea hearing, that Counts (6)-(13) called for a minimum mandatory sentence of five years, up to a maximum of fifteen years each. He testified the Court gave him the minimum possible sentence and admitted he was not surprised by the sixty-month sentence.

Guerra testified he discussed his dissatisfaction with the sentence with counsel on two occasions. The first instance was during the plea hearing when the Court informed Guerra of his right to appeal. This prompted a brief discussion between Guerra and Amster off the record. Guerra alleges he told Amster that he wanted to appeal and Amster said no, that it would be a waste of time. Amster allegedly told Guerra to say he did not want an appeal and that Amster would explain why later. The sentencing hearing continued and Guerra told the Court on the record that he understood his right to appeal and that he did not want to appeal. Guerra testified a second discussion with counsel occurred just after the sentencing hearing as he was being taken back to the holding cell. He claims he asked Amster if he was going to appeal and Amster said no because it was pointless and a waste of time. He did not see Amster again and did not contact him saying he wanted to appeal. He did not file anything in writing regarding an appeal until he filed the instant motion to vacate.

Steven Amster,[2] an experienced and seasoned criminal defense attorney, testified that he advised Guerra to enter an open guilty plea based on the strength of the Government's case, including taped conversations and the testimony of a cooperating co-defendant, in hopes of receiving a lenient sentence. Amster told Guerra that the only way to achieve a sentence below the five-year minimum mandatory was for the Government to waive the minimum mandatory in exchange for Guerra's cooperation. Guerra was initially resistant to the idea of cooperating and, while he decided whether to provide the Government with information, the window of opportunity closed and cooperation was no longer an option. Amster explained to Guerra that, with cooperation off the table, the best sentence they could hope for was the five-year minimum mandatory. Going into the sentencing hearing, Guerra understood that five years was the best possible sentence and that it could be much worse.

At the sentencing hearing, Amster requested the lowest legally permissible sentence and he was pleased when the Court imposed a five-year concurrent sentence. When the Court informed Guerra that he had the right to appeal, Guerra either appeared confused or indicated he had a question so he and Guerra briefly conferred off the record. Amster told Guerra that the Court had imposed the lowest sentence the law would allow and could not get any better, so there was nothing to appeal and that an appeal would be pointless. After this brief discussion, Guerra said "ok" and answered the Court's question about an appeal on the record. Amster did not recall any further conversation after sentencing as Guerra was led to the holding cell. At no point during this time period

---

[2] Amster testified that he has functional knowledge of Spanish in the field of criminal law and that Guerra's English is "so-so." He testified that he communicated adequately with Guerra without an interpreter.

did Guerra say he wanted to appeal. Nor did he communicate a desire
to appeal to counsel after the sentencing hearing in writing, by
phone, or through family members. Had Guerra asked Amster to file
a notice of appeal, Amster would have done so. Amster admitted he
does not have any experience with appeals, is not knowledgeable
about appeals, and would have moved to withdraw after filing a
notice of appeal had Guerra desired to proceed.

## V. Statute of Limitations

The Government does not contest the timeliness of Guerra's
motion to vacate.

## VI. Procedural Default

The Government argues Claims (1) and (2) are procedurally
barred because they attack the sentencing guidelines and could have
been, but were not, raised on direct appeal. This argument fails
because claims of ineffective assistance of counsel are properly
raised for the first time in a Section 2255 motion to vacate.

As a general matter, a defendant must assert an available
challenge to a sentence on direct appeal or be barred from raising
the challenge in a Section 2255 proceeding unless he can
demonstrate cause and prejudice. United States v. Frady, 456 U.S.
152, 167-69 (1982); Bousely v. United States, 523 U.S. 614, 622
(1998); Murray v. Carrier, 477 U.S. 478, 496 (1986). However,
ineffective assistance of counsel claims are excepted from this
general rule. The United States Supreme Court has recognized that
"requiring a criminal defendant to bring ineffective-assistance-of-
counsel claims on direct appeal does not promote" the interests of
conserving judicial resources or respecting the finality of
judgments. Massaro v. United States, 538 U.S. 500, 504 (2003).
Under such a scenario, defendants would feel compelled to raise

these issues before having an opportunity to fully develop the factual predicate for the claim, and would result in these issues being raised for the first time in a forum not best suited to assessing the relevant facts. <u>Id.</u> Therefore, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." <u>Id.</u>

Accordingly, Claims (1) and (2), are properly presented for the first time in this Section 2255 motion, are not procedurally barred, and must be reviewed on the merits.

## VII. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a); <u>see</u> <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>Hill</u>, 368 U.S. at 428.

To prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668 (1984); <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). In the context of sentencing, a defendant is required to prove that, if counsel had not performed deficiently, the result of his sentencing proceeding would have been different. <u>Glover v. United States</u>, 531 U.S. 198, 203-204 (2001); <u>Forrester v. United States</u>, 349 Fed. Appx. 528 (11th Cir. 2009).

<h3 style="text-align:center;"><u>VIII. Discussion</u></h3>

(1)  <u>Minor Role Adjustment</u>

Guerra contends counsel was ineffective for failing to argue he should have received a minor role adjustment.

The Guidelines permit a decrease in offense level if the defendant was a minor participant in criminal activity. U.S.S.G. § 3B1.2(b) (2009). This provision applies to a defendant who is less culpable than most other participants, but whose role could not be described as minimal <u>Id.</u>, Application notes 3(a), (5). This is a determination heavily dependent on the facts of the case. The Court is to make this determination by weighing the totality of the circumstances and is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted. <u>Id.</u>, Application note 3(c). A defendant has the burden of establishing a minor role by a preponderance of the evidence. <u>United States v. Ryan</u>, 289 F.3d 1339, 1348 (11th Cir. 2002); <u>United States v. DeVaron</u>, 175 F.3d 930, 939 (11th Cir. 1999).

Guerra has failed to demonstrate counsel was deficient. He pled guilty to all fourteen counts because he was guilty of the charged offenses. In his written factual proffer, he admitted he was part of a conspiracy to bring and attempt to bring Cuban nationals to the United States. He engaged in four separate

smuggling and conspiracy events, one of which resulted in the seizure of a power boat with eleven Cuban nationals onboard. He participated in these events by helping load gasoline drums and transport boat trailers to and from marinas. He also engaged in planning by approaching a cooperating co-defendant about finding a vessel for future smuggling operations after the boat was seized, and by repeatedly meeting with an undercover officer about captaining a future smuggling operation. He presently contends he only had a minor role in the offenses because he merely carried out duties as directed by other co-defendants, did not exercise any power over other co-defendants, lacked decision-making authority, and was less culpable that most of the co-defendants. These self-serving and unsupported claims are unavailing. Guerra's admitted involvement in the smuggling conspiracy was ample for the Court to conclude that he was an active participant in the conspiracy who helped plan and arrange a smuggling operation, and that he was not less culpable than most of the other defendants. See (PSI   See, e.g., United States v. Lewis, 302 Fed. Appx. 860 (11th Cir. 2008) (defendant who pled guilty to distributing cocaine was not entitled to minor role reduction where he admitted he was a middleman who helped confidential informants find drug dealers and buy crack cocaine); United States v. Esteban-Rios, 291 Fed. Appx. 284 (11th Cir. 2008) (defendant who acted as a liaison-broker in a drug conspiracy was not entitled to a minor role reduction); United States v. Lizano, 283 Fed. Appx. 754 (11th Cir. 2008) (defendant who participated in meetings to plan robbery and who was the getaway driver was crucial to the ultimate success or failure to the robbery and was not entitled to a minor role adjustment). He has failed to demonstrate a reasonable probability that the Court would have found his role to be minor by a preponderance of the evidence had counsel presented such an argument.

Moreover, Guerra is unable to demonstrate prejudice. His total offense level was thirteen and his criminal history category was I, resulting in a guideline imprisonment range of twelve to eighteen months. (PSI ¶ 97). However, the statutory minimum sentence for his offenses was sixty months, so the guideline imprisonment range became sixty months. (PSI ¶ 97). Any reduction in his offense level for a minor role would not have altered the sixty-month guidelines range because it was based on a statutory minimum mandatory sentence. See United States v. Simpson, 228 F.3d 1294 (11th Cir. 2000) (where the sentencing guideline range falls below a mandatory minimum sentence, the court must follow the statutory minimum); see U.S.S.G. § 5G1.1(b). Therefore, counsel's alleged deficiency in regards to a minor role reduction would not have affected his sixty-month guidelines range and could not have resulted in any prejudice.

(2)   Unreasonable Sentence

Guerra contends counsel was ineffective for failing to argue the sixty-month sentence was substantively unreasonable.

A party challenging a sentence in light of the record and Section 3553(a) factors bears the burden of establishing that a sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). While a sentence within the guidelines range is not deemed reasonable per se, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 787-88. Further, it is well settled that a district court is not authorized to sentence a defendant below the statutory minimum unless the government filed a substantial assistance motion or the defendant falls within the safety valve. United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008). Section 3553(a) does not authorize a district court to impose a sentence below the

13

statutory mandatory minimum. Id. at 1361.

In the instant case, the Court imposed a sixty-month sentence for each count with all counts running concurrently. A sixty-month sentence was mandatory as to Counts (5)-(13), which carry a statutory minimum of sixty months' imprisonment. The Court had no discretion in regards to the sentence it imposed for those counts and the sentence is not substantively unreasonable. See United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006) (a court has no discretion to grant relief from a minimum mandatory sentence).

Further, the Court correctly determined that Guerra's guidelines score was sixty months' imprisonment for the remaining counts, (1)-(4) and (14). (Crim-DE# 331 at 2). The Court imposed a guidelines sentence of sixty months for those counts after considering the parties' statements, the PSI, the advisory guidelines, and the sentencing factors. Guerra has failed to satisfy his burden of establishing the guidelines sentence was unreasonable in light of the record, including the written factual basis he signed, and the Section 3553(a). United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Moreover, any conceivable deficiency with regards to Guerra's sentence for Counts (1)-(4) and (14) was not prejudicial because these sentences ran concurrently with Guerra's minimum mandatory sixty-month sentence in Counts (5)-(13), over which the Court lacked discretion. See, e.g., United States v. Campa, 529 F.3d 980, 1018 (11th Cir. 2008) (any sentencing error was harmless beyond a reasonable doubt where the sentences were concurrent and were therefore irrelevant to the time the defendant would serve in prison).

14

(3)   <u>Notice of Appeal</u>

Guerra contends counsel was ineffective for failing to adequately consult with Guerra about an appeal and file a notice of appeal.

Counsel's failure to file a direct appeal after being requested to do so is a *per se* constitutional violation of the Sixth Amendment right to counsel. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) ("we have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable"); <u>Stanton v. United States</u>, 397 Fed. Appx. 548 (11th Cir. 2010). Where a defendant has not specifically instructed his attorney to file an appeal, counsel has a constitutional duty to consult with the defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Flores-Ortega</u>, 528 U.S. at 480. Relevant factors include: whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and "whether the plea [agreement] expressly ... waived some or all appeal rights." <u>See</u> <u>Otero v. United States</u>, 499 F.3d 1267, 1270 (11th Cir. 2007) (quoting <u>Flores-Ortega</u>, 528 U.S. at 480)). Adequate consultation requires: "(1) informing a client about his right to appeal, (2) advising the client about the advantages and disadvantages of taking an appeal, and (3) making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." <u>Thompson v. United States</u>, 504 F.3d 1203, 1206 (11th Cir. 2007)(citing <u>Frazer v. South Carolina</u>, 430 F.3d 696, 711 (4th Cir. 2005)); <u>Gomez-Diaz v. United States</u>, 433 F.3d 788, 792 (11th Cir. 2005). A defendant should be

provided enough information to intelligently and knowingly assert or waive his right to an appeal. Thompson, 504 F.3d at 1206. If two of the three elements of adequate consultation are not satisfied, then it is apparent that counsel failed to consult with the movant regarding his appellate rights. Flores-Ortega, 528 U.S. at 478. In cases where counsel has failed to conduct an adequate consultation, the defendant must demonstrate there is a reasonable probability that, but for counsel's deficient failure to consult, he would have timely appealed. Id. at 484.

In the instant case, the undersigned heard testimony from Guerra and trial counsel, Steven Amster, at an evidentiary hearing on the motion to vacate. Amster failed to prepare for the hearing by reviewing his file and failed to bring the file with him to the hearing. Therefore, he had little or no recollection of certain events surrounding Guerra's representation.[3] To the extent Amster recalled the events about which he testified, the undersigned found him to be credible. However, it is impossible to credit the portions of his testimony where his recollection was imprecise or wholly lacking. Therefore, the undersigned will address the parties' credibility issue-by-issue based on their demeanor and apparent ability to recall the relevant events as observed at the evidentiary hearing.

The undersigned finds that Guerra never explicitly instructed Amster to file an appeal. According to Guerra, he told Amster that he wanted to appeal in a brief conversation during the sentencing hearing and made a second request at the end of the hearing when he

---

[3] The parties are reminded that they must take before a magistrate "not only their best shot but all of the shots" and cannot raise new issues for the first time in objections to a Report. Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. Oct. 19, 2010)(quoting Borden v. Sec'y, Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)).

16

was being escorted to the holding cell. Amster credibly testified
that Guerra did not request an appeal during the brief conference
during the sentencing hearing. He did not specifically recall any
further conversation as Guerra was led to the holding cell,
however, he clearly testified that Guerra never instructed him to
file and appeal. If Guerra had done so, he would have filed a
notice of appeal and moved to withdraw as counsel. The undersigned
found Amster's recollection to be adequate and his testimony on
this point to be credible, and Guerra's to be incredible. This
credibility determination is also consistent with the record.
According to Guerra, he knew by the end of the sentencing hearing
that counsel was flatly refusing to file an appeal. However, he did
not contact counsel or the court about pursuing an appeal until he
filed the instant motion more than seven months after sentencing.
Guerra's claim that he asked counsel to pursue an appeal is
incredible, finds no support in the record and should be rejected.

     Because Guerra never asked counsel to file an appeal, the next
inquiry is whether Amster had a constitutional duty to consult with
Guerra and, if so, whether that consultation was adequate.

     The undersigned finds that Amster did have a duty to consult
with Guerra. A rational defendant in Guerra's position would not
have wanted to appeal because he entered a guilty plea, there were
no non-frivolous grounds for an appeal, and he received the lowest
possible sentence. However, Amster nevertheless had a duty to
consult because Guerra reasonably demonstrated that he was
interested in appealing. This duty arose during the sentencing
hearing when the Court mentioned Guerra's right to appeal, which
prompted apparent confusion from Guerra and a brief discussion with
counsel off the record. In the circumstances present in this case,
the undersigned finds Guerra's confusion - that was adequate to

17

pause the sentencing hearing to confer with counsel - was also adequate to trigger counsel's duty to consult. See, e.g., Thompson, 504 F.3d at 1203 (counsel had a clear duty to consult where the defendant was unhappy with his sentence as compared to his co-defendant's and asked about the right to appeal at sentencing); see also Stanton v. United States, 397 Fed. Appx. 548 (11th Cir. 2010) (defendant demonstrated an interest in appealing where he requested an appeal after the jury returned its verdict and nodded his head when counsel told him there were no reasonable issues).

The undersigned finds that Amster conducted an inadequate consultation under the circumstances of this case. First, neither Guerra nor Amster testified that counsel informed Guerra about his right to appeal and only addressed the matter after the Court mentioned the issue during the sentencing hearing. See (Crim-DE# 331 at 4).

Second, Amster inadequately advised Guerra about the advantages and disadvantages of appealing. Amster and Guerra conferred briefly during the sentencing hearing. The short duration of the exchange is relevant but not dispositive. Flores-Ortega, 528 U.S. at 489 (Souter, J., concurring in part and dissenting in part). During that brief conversation, Amster informed Guerra at most that he had received the lowest legally available sentence and that no meritorious grounds for appeal existed. Nothing in the record demonstrates that counsel discussed the advantages and disadvantages of appealing with Guerra or even informed Guerra of the time limit for filing a notice of appeal so that he could pursue his appellate rights himself. "Counsel's statement that there were no appealable issues without further explanation did not constitute adequate consultation." Stanton, 397 Fed. Appx. at 550.

18

Third, Amster failed to make a reasonable effort to determine whether Guerra wished to appeal. Amster testified that, after Amster told Guerra he had no grounds for an appeal, Guerra said "ok" and informed the Court on the record that he understood his right to appeal and did not intend to exercise that right. However, counsel conceded that he did not recall having any further contact with Guerra after the sentencing hearing. Even according to Amster's testimony, then, he made no effort whatsoever to discover Guerra's informed wishes regarding an appeal. See Thompson, 504 F.3d at 1207 (counsel made no effort to discover the defendant's wishes regarding an appeal).

Guerra has adequately demonstrated that counsel's deficiency prejudiced him. He testified that he was dissatisfied with his sentence and the evidence revealed that he made some inquiry about appealing at the sentencing hearing. This is sufficient to conclude there is a reasonable probability that he would have exercised his right to appeal but for counsel's deficiency. See Thompson, 504 F.3d at 1207 (defendant demonstrated prejudice where there was evidence he was dissatisfied with his sentence and asked his attorney about appealing); Stanton, 397 Fed. Appx. at 550 (defendant demonstrated prejudice by expressing interest in an appeal and requesting counsel's help in reducing his sentence).

Based on the foregoing, the undersigned recommends granting Guerra's motion to vacate as to Claim (3) due to counsel's failure to adequately consult with him about the right to appeal.

(4)  Cumulative Error

Finally, Guerra contends the cumulative impact of counsel's errors deprived him a fair proceeding.

Guerra's claims that counsel's alleged sentencing errors deprived him a fair proceeding fail because he has not demonstrated any sentencing error occurred. Non-errors do not cumulatively constitute error. See United States v. Barshov, 733 F.2d 842, 852 (11th Cir. 1984) ("Without harmful errors, there can be no cumulative effect compelling reversal."). However, for the reasons stated in Claim (3), *supra*, Guerra should be granted relief on the claim of in effective assistance of counsel with regards to the notice of appeal issue.

## IX. Conclusion

Based on the foregoing, it is recommended that: (1) this motion to vacate be granted solely as to Claim (3); (2) the criminal judgment be vacated and a resentencing hearing had; and (3) the remaining Claims (1), (2) and (4) be denied as moot or alternatively denied on the merits.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 23rd day of September, 2011.

UNITED STATES MAGISTRATE JUDGE

cc:  Ruben Garcia, Esq.
     1209 SE Third Ave.
     Ft. Lauderdale, FL 33316
     Phone: 954-462-4600
     Fax: 954-462-0828

     Jose Guerra
     Reg. No. 94310-004
     FCI Dalby
     805 North Avenue
     Post, TX 79356

Anne Ruth Schultz
United States Attorney's Office
99 NE 4 St.
Miami, FL 33132

Carmen M. Lineberger
United States Attorney's Office
505 S. Second Street, Suite 200
Fort Pierce, FL 34950