IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:10-cv-14347-KMM

JOSE GUERRA,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Jose Guerra's Motion to Vacate Sentence (ECF No. 1). THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, who issued a Report (ECF No. 34) recommending that (1) the Movant's Motion to Vacate be granted solely as to Claim Three; (2) the Movant's criminal judgment be vacated and a resentencing hearing held; and (3) the remaining Claims be denied as moot or alternatively denied on the merits. Both the Movant (ECF No. 36) and the Government (ECF No. 37) filed Objections to the Report. The Government filed a Response to the Movant's Objections (ECF No. 39). UPON CONSIDERATION of the Motion, Report, Objections, the Government's Reply, and after a de novo review of the record, the Court enters the following Order.

As an initial matter, this Court adopts Magistrate Judge White's Report and Recommendation to the extent it recommends denying on the merits the Movant's Claims 1, 2, and 4. This Court, however, declines to adopt Judge White's Report and Recommendation with respect to the Movant's Claim that Counsel was ineffective for failing to adequately consult with him about appealing the sentence this Court imposed on the Movant on March 2, 2010.

1

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed on a claim of ineffective assistance of counsel, a defendant must show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 477–78 (2000) (quoting Strickland, 466 U.S. at 688, 694) (internal citations omitted). The Supreme Court has held that the Strickland test applies to claims that "counsel was constitutionally ineffective for failing to file a notice of appeal." Id. at 477.

The Movant claims that Counsel was ineffective for failing to adequately consult with him about appealing his sentence. After holding an evidentiary hearing on the Movant's Claim, Judge White found that the Movant "never explicitly instructed [his attorney] to file an appeal." Report, at 16 (ECF No. 34). In Roe v. Flores-Ortega, the Supreme Court held that in such instances, "whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking . . . whether counsel in fact consulted with the defendant about an appeal." Id. at 478. Accordingly, counsel has a duty to consult with a defendant regarding the defendant's right to an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Supreme Court has listed a number of relevant factors in making this determination;[1] however, of particular use in the instant case is the Supreme Court's own hypothetical:

---

[1] Such factors include whether the conviction follows a criminal trial or guilty plea, and in cases of a guilty plea, if the defendant "received the sentence bargained for as part of the plea and

2

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.

Id. at 480 (internal citations omitted). In the instant case, the Movant would have no reason to appeal because the Movant received the statutory minimum sentence, and because there were no nonfrivolous grounds for appeal. Moreover, the Movant did not demonstrate to counsel that he was interested in appealing. The Movant affirmed at sentencing that he understood his right to appeal the imposed sentence. When asked whether he would like to appeal, the Movant responded "No, sir." See Tr., at 4 (ECF No. 331, Case No. 09-cr-14046). That the Movant, prior to answering the Court, asked his attorney whether he was going to appeal the sentence is of no significance. The Movant's question was merely a question and should not be misinterpreted as an indication or a desire to appeal the Court's sentence. This is bolstered by the observation that the Movant failed to discuss the topic any further at sentencing, and "did not contact counsel or the court about pursuing an appeal until he filed the instant [pro se] motion more than seven months after sentencing." Report, at 17 (ECF No. 34). Considering the totality of the circumstances, and that the instant case is practically indistinguishable from the Supreme Court's own hypothetical[2] in which it "would be difficult to say that counsel is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an

---

whether the plea expressly reserved or waived some or all appeal rights." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

[2] If one were to substitute the "2 year sentence" found in the Supreme Court's hypothetical, with the "5 year sentence" the Movant received in the instant case, the factual circumstances of the instant case would be indistinguishable from the Supreme Court's hypothetical scenario.

3

appeal," Flores-Ortega, 528 U.S. at 480, this Court finds that the Movant's counsel had no duty to consult with the Movant regarding the Movant's right to an appeal.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Movant's Motion to Vacate Sentence (ECF No. 1) is DENIED. It is further

ORDERED AND ADJUDGED that Judge White's Report and Recommendation (ECF No. 34) is ADOPTED, except to the extent described in this Order. The Clerk of the Court is instructed to CLOSE this case. All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record